IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MARY JO HENRY, )<br>  )<br>    Plaintiff, )<br>  )<br>    v. )<br>  )<br>SLOAN D. GIBSON, Acting )<br>Secretary for the )<br>Department of Veterans )<br>Affairs, )<br>  )<br>    Defendant. ) | CIVIL ACTION NO.<br>2:14cv1049-MHT<br>(WO) |

OPINION

Pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-624 (the 'ADEA'), plaintiff Mary Jo Henry filed this lawsuit against defendant Acting Secretary for the Department of Veterans Affairs. She contends that the Department denied her a promotion because of her age. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 29 U.S.C. § 626(c).

This matter is before the court on the Secretary's motion for summary judgment in his favor. For the reasons that follow, the motion will be granted.

## I.  SUMMARY-JUDGMENT STANDARD

Summary judgment is warranted if, after viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, the court is convinced "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. BACKGROUND

The following are the relevant facts taken in the light most favorable to Henry. At the time of the events that gave rise to this lawsuit, Henry was 62 years old and had been employed by the Central Veterans

Healthcare System--a Department healthcare facility--for approximately six years.

A. The Vacancy

On July 2, 2009, Central Veterans published an announcement for a Supervisory Medical Support Assistant position in its business office's Clinic Support Section. It stated that the vacancy would close later that month.

The available position involved significant supervisory responsibilities, including "supervising the administrative processes and the clerical employees performing duties in Primary Care Clinics; Mental Health and Primary Care at all [Central Veterans] sites," organizing work assignments, resolving grievances, training staff, and monitoring leave. Def.'s Mot. Summ. J. (doc. no. 24-13) at 2-3. In addition, the person selected would be responsible for managing appointments, producing reports, and providing customer service.

3

B. Application Process and Selection

A group from the Human Resources Department reviewed the received applications and referred the five applicants it deemed 'best qualified,' including Henry, to Nina McConico, the selecting official in charge of filling the vacancy. McConico rated the five applicants on several factors, including their responses to six skillset-related questions, performance appraisals, and resumes. Applicant Tenesha Burks received 58 points and Henry received 52, and they were ranked first and second, respectively. Burks, a considerably younger applicant, was selected for the position.

When Burks and Henry submitted their applications, they were both employed by Central Veterans, though in different positions at different campuses. Henry was employed as a Claims Assistant in the Fee Section, and Burks was employed as a Medical Support Assistant in the Clinic Support Section.

The materials Burks and Henry submitted reflect relevant differences in their work experience and work history. Henry's resume shows that she had around 11 years of experience working in a healthcare setting, including around six years at Central Veterans. From 1982 to 1987, she worked as a Patient Services Representative, which required her to transcribe medical orders, make patient appointments, and train new employees, in addition to some administrative tasks. After a long gap in employment, she resumed working in 2002 and came to Central Veterans in 2003. In her six years in the Central Veterans System, she worked first in a laboratory setting, then spent four years as a Medical Support Assistant in a clinical setting. This required her to transcribe physicians' orders, perform administrative duties related to patient care, and serve as Lead Medical Support Assistant on occasions of the Lead's absence. At the time of her application for the position at issue, she had been promoted to and was working as a Claims

Assistant, where she processed claims and assisted patients with billing issues.

Burks had considerably less overall experience--about six years total, including two at Central Veterans. However, her experience was in some ways quite different from Henry's. From 1993 to 1997, she worked as Assistant Program Director--a managerial position--for the Department of the Army. Her resume then shows an approximately 10-year gap in work history, after which she worked with Central Veterans for two years as a Medical Support Assistant in a clinical setting, where she remained until she applied for the position at issue here. Her work environment as a Medical Support Assistant, in a community-based outpatient clinic, differed from Henry's in two relevant ways: Her position required little supervision, and she often worked in a 'lead' role.

In late December 2009, Henry received notification that she had been referred to McConico for consideration for the opening, but had not been

6

selected. Henry then approached McConico to ask the reason she was not selected. McConico said that she selected Burks because she was the applicant who would have "the shortest learning curve." Def.'s Ex. A, Dep. Nina McConico (doc. no. 24-2) at 9. McConico did not explain her comment further at that time. Henry interpreted McConico's comment to be related to her age. To her, McConico was implying that, as a considerably older applicant, she would be less able to pick up quickly on the skills the position required.

In April 2010, Henry filed an age-discrimination complaint with the Equal Employment Opportunity Commission (EEOC). After a hearing, Henry received an adverse decision, which she appealed. On appeal, the EEOC affirmed the administrative judge's decision and issued Henry a 'right to sue' notice. Henry then filed this lawsuit.

7

III. DISCUSSION

To survive summary judgment on an ADEA claim, a plaintiff must put forward sufficient evidence for a reasonable jury to conclude that she suffered discrimination on the basis of her age. Where, as here, the plaintiff relies on circumstantial evidence to prove discrimination, courts analyze the evidence using the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).*

---

* At various points in her briefing, Henry contends that McConico's "shortest learning curve" statement is direct evidence of discrimination. The court disagrees. While Henry may have understood the comment to refer to the age difference between herself and Burks, it is not the type of "blatant remark[], whose intent could be nothing other than to discriminate on the basis of age," that can serve as direct evidence of discrimination in this circuit. Van Voorhis v. Hillsborough Cnty. Bd. Of Cnty. Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008) (citing Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989)) (internal quotation marks omitted). See also Merritt v. Dillard Paper Co., 120 F.3d 1181, 1189-90 (11th Cir. 1997) (citing "no woman would be named to a B scheduled job," Burns v. Gadsden State Community College, 908 F.2d 1512, 1518 (11th Cir. 1990), and a manager's statement that "if it was his company, he wouldn't hire any black people," EEOC v. Beverage Canners, Inc., 90 F.2d 920, 923 (11th
(continued...)

*Israel v. Sonic-Montgomery FLM, Inc.*, 231 F. Supp. 2d 1156, 1159 (M.D. Ala. 2002) (Thompson, J.).  Under this framework "(1) a plaintiff must first make out a prima facie case, (2) then the burden shifts to the defendant to produce legitimate, nondiscriminatory reasons for the adverse employment action, and (3) then the burden shifts back to the plaintiff to establish that these reasons are pretextual."  *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1375 (11th Cir. 1996) (citing *McDonnell Douglas*, 411 U.S. at 802-04).  The employer's burden "is merely one of production; it need not persuade the court that it was actually motivated by the proffered reasons."  *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (internal quotation marks omitted).  To satisfy her ultimate burden, the plaintiff may either persuade the court directly by demonstrating "that a discriminatory reason more than likely motivated the employer, or indirectly, by

---

Cir. 1990), as representative examples of direct evidence in discrimination cases).

showing that the proffered reason for the employment decision is not worthy of belief." Israel, 231 F. Supp. 2d at 1160.

In an ADEA case involving a failure to hire or promote, a plaintiff may make a prima-facie case by demonstrating (1) that she was a member of a protected group of persons between the ages of 40 and 70, (2) that she was subject to adverse-employment action, (3) that a substantially younger person filled the position that she sought, and (4) that she was qualified to do the job for which she was rejected. Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir. 1998). Because the Secretary has articulated legitimate, nondiscriminatory reasons for Burks's selection and because Henry has not produced sufficient evidence from which a factfinder could reasonably conclude that these reasons are pretextual, the court need not address whether she has established a prima-facie case.

The Secretary offers six reasons for Burks's selection as Supervisory Medical Support Assistant over Henry: (1) Burks had worked as a Medical Support Assistant in a mental-health clinic and a health clinic more recently, "and was already familiar with the applicable work process"; (2) "Burks could make a seamless transition, and would be able to hit the ground running"; (3) "Burks was working as a Medical Supervisory Assistant in a similar environment with demonstrated ability of working efficiently and effectively, and therefore would have a minimum learning curve"; (4) McConico wanted to fill the position as quickly as possible; (5) Burks "best fit the critical needs of the service and the section for which [she was] hired" and "would be prepared to immediately respond to the issues and concerns based on recent transferable knowledge and experience"; and (6) Burks ranked number one based on her resume, answers to questions concerning her skillset, and the supervisory appraisal. Reply Mem. Supp. Def.'s Mot. Summ. J. (doc.

no. 32) at 5-6. Most of the Secretary's reasons boil down to the same basic justifications: that Burks had the most recent experience working as a Medical Support Assistant in a clinical setting and therefore was already familiar with the work process and that Burks had been doing that work in a work environment that required her to perform an essentially 'lead' role with little oversight, and therefore would have an easier transition to being a supervisor.

Henry has failed to produce sufficient evidence that would support a finding of pretext. First, she does not dispute that Burks has more recent experience in a Medical Support Assistant role, or in a clinical setting more generally. A candidate's more recent experience may serve as a reasonable basis for her selection over other qualified candidates, and a plaintiff's own, less-recent qualifications are insufficient to rebut this reason. See e.g., MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1278 (10th Cir. 2005) (holding that a plaintiff's "proffer of

being more experienced" was insufficient to defeat summary judgment where "the City never contended that [the selected candidate] had more payroll experience, only that she had relevant and more recent experience"); Kohrt v. MidAmerican Energy Co., 364 F.3d 894, 898 (8th Cir. 2004) (holding that a district court's grant of summary judgment on plaintiff's ADEA claim was proper where the plaintiff "had not worked as a lineman since October 1987, and he [did] not dispute that the other candidates had more recent experience than he").

Second, Henry has failed to rebut that Burks worked in a position that required less supervision than hers had. McConico testified that Burks's application materials demonstrated that she was "working independently with little supervision" and, according to a supervisor's recommendation, was "managing the clinic" and "functioning in [a Supervisory Medical Support Assistant] capacity." Def.'s Ex. A, Excerpts Dep. Nina McConico (doc. no. 24-2) at 4. Henry

13

provides no evidence that would call this into question.

Third, Henry does not rebut that Burks had worked more frequently in a lead role and was, therefore, more familiar with the applicable work process. The Secretary contends that, even taking into account Henry's past experience as a Medical Support Assistant, Henry's application demonstrated that she had only intermittently acted as a Lead Medical Support Assistant while working in that role, whereas Burks served in a lead role on a regular basis. This meant that Burks was essentially already acting as a Supervisory Medical Support Assistant in her prior position and could transition easily into the vacant position. Henry provides no evidence to suggest that McConico's assessment of Burks's experience is inaccurate, or that her own experience as a Medical Support Assistant made her familiarity with the applicable work process comparable.

14

Nor has Henry provided any evidence to suggest that her more recent position as a Claims Assistant provided comparable, or even relevant, experience. At the time of her application for the open position, Burks had been working in a clinic support role directly subordinate to the position at issue here, and in a position that required her to be involved with the administration of the clinic and with patient care. In contrast, Henry, at the time of her application for the position as Supervisory Medical Support Assistant, was much more removed from patient-care duties and was working in the Fee Section, processing billing claims. Although the evidence does indicate that Henry had been promoted from her position as Medical Support Assistant and had, at least arguably, mastered the skillset required by the Medical Support Assistant position and clinic support work more generally, it is not sufficient to "merely ... question[] the wisdom of the employer's reasons, at least not where ... the reason is one that might motivate a reasonable employer."

Brooks v. Cnty. Comm'n of Jefferson Cnty., 446 F.3d 1160, 1163 (11th Cir. 2006) (citations omitted).

Finally, Henry cannot rely on her own belief that her experience and qualifications are superior to Burks's. Admittedly, Henry's resume lists a significant range of experience. However, "[a] plaintiff seeking to use comparative qualifications to rebut a defendant's proffered nondiscriminatory reasons for promoting another employee must show that the disparities between the successful applicant's and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Gray v. City of Montgomery, 756 F. Supp. 2d 1339, 1347-48 (M.D. Ala. 2010) (Thompson, J.) (quoting Brooks, 446 F.3d at 1163) (internal quotation marks omitted). This is not such a case. Because a reasonable employer selecting among qualified applicants might rely more on the skills required by and displayed in one's current job than on the skills

one has displayed in past positions, Henry reliance on her qualifications alone is insufficient to demonstrate pretext.

As to one of the Secretary's proffered reasons--the need to fill the position quickly--the evidence is sufficient to call that reason into question. Henry offers evidence that both she and Burks applied within the allotted window of time provided by the announcement, that both applicants were referred to McConico for consideration on the same day, and that she was ready to start immediately. Even if this evidence could lead a reasonable factfinder to determine that this reason, considered in isolation, is implausible or not worthy of belief, it is insufficient, by itself, to defeat summary judgment because it "is not strong enough to call the defendant's credibility into question as a general matter." Alexander v. Chattahoochee Valley Community College, 325 F. Supp. 2d 1274, 1293 (M.D. Ala. 2004) (Thompson, J.). Because she has not offered evidence

17

sufficient to rebut each and every one, that is, all, of the Secretary's proffered reasons, she has not met her burden. See Chapman, 229 F.3d at 1037 ("In order to avoid summary judgment, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that each of the employer's proffered nondiscriminatory reasons is pretextual."); Crawford v. City of Fairburn, 482 F.3d 1305, 1308 (11th Cir. 2007). ("If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment."); Combs v. Plantation Patterns, 106 F.3d 1519, 1543 (11th Cir. 1997) (where plaintiff failed to rebut one of the three reasons, defendant was entitled to judgment as a matter of law on charge of impermissible discrimination).

Thus, Henry has failed to show--by attacking the Secretary's proffered reasons--that the Department discriminated against her. Nor can she rely on McConico's "shortest learning curve" comment to show

18

directly that a discriminatory reason more than likely motivated the Department. This comment, without more, is not sufficient to meet her burden. It lends itself to several quite reasonable interpretations, including that Burks's more recent experience in a similar position and in a supervisory role made her a better candidate. Henry, instead, asks this court to rely on her subjective impression alone. This is simply not enough to survive summary judgment. See Mayfield, 101 F.3d at 1376 ("Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where an employer has offered ... extensive evidence of legitimate, non discriminatory reasons for its actions.") (internal quotation marks omitted). The record provides no additional basis for concluding that McConico was more likely motivated by age discrimination than by her stated reliance on Burks's more recent relevant experience in a very similar position, her familiarity

19

with the open position's requirements, and her greater experience working in a lead role.

***

For the above reasons, the Acting Veterans Affairs Secretary's motion for summary judgment in his favor will be granted. An appropriate judgment will be entered.

DONE, this the 23rd day of November, 2015.

                                         /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE